U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 02 2015

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LESLIE MESHELL                                          PLAINTIFF

VS.                          CV-2015- 15-1017

CITY OF EL DORADO, THE EL DORADO CIVIL
SERVICE COMMISSION, AND CHIEF BILLY WHITE, both in his
official capacity and Individually                      DEFENDANTS

## COMPLAINT

COMES NOW, Leslie Meshell, by and through her attorney, F. Mattison Thomas, III, and for her cause of action against defendants, the City of El Dorado, the El Dorado Civil Service Commission and Chief Billy White both in his official capacity and individually states and alleges the following:

1. Leslie Meshell is a citizen of the United States and a resident of Union County, Arkansas.

2. Defendant, the City of El Dorado, El Dorado Civil Service Commission and Chief Billy White are all resident of El Dorado, Union County, Arkansas.

### JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. As well as a common law Tort of Outrage and the Arkansas Constitution Civil Rights Act formally codified at A.C.A. §16-123-101 et seq..

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b).  Plaintiff resides in Union County, Arkansas, which is within the jurisdiction of the United States District Court for the Western District of Arkansas, El Dorado Division.  At the time the discriminatory acts that are the focal points of this litigation, plaintiff was employed by the City of El Dorado and under the direct supervision of Chief Billy White who reported to the El Dorado Civil Service Commission also named as a defendant.  These are municipalities and therefore residents which are within this Court's district and venue is proper within this district and division.

## FACTS

5. Plaintiff was an employee of the City of El Dorado Police Department as a dispatcher at all times relevant to this complaint.

6. Plaintiff filed a charge of discrimination with the EEOC on March 6, 2014, alleging violations as listed above in this complaint both Title VII of the Civil Rights Act of 1964 and Arkansas State Law as cited above (exhibit A).

7. The unlawful employment practices involved subjecting plaintiff to unwelcome sexual harassment because of her sex, female, and creating and maintaining a hostile work environment.

8. Plaintiff was employed by the City of El Dorado and under the direct supervision of Chief Billy White and the El Dorado Civil Service Commission from September 17, 2012 until on or about March 6, 2014, at which time the plaintiff filed her charge and was forced to leave her employment due to a hostile work environment created by the defendants.

9. During her employment, Chief Billy White was both the Chief of Detectives and Chief of Police, the plaintiff was required to interact and report to her subordinate Chief White during her entire employment as an employee of the defendants.

10. Beginning on or about September 2012 to February 2014 the separate defendant Chief Billy White both in his individual and official capacity sent unsolicited sexual messages via social media to the plaintiff, treated the plaintiff differently based on her sexual orientation during the time of her employment both over social media, text messages and in person all of which are in violation of the defendants sexual harassment policy, the Law of the State of Arkansas and Federal Law protecting her from such unwanted and unwarranted sexual solicitations.

11. On or about March 2, 2015, plaintiff received a Right to Sue letter from the EEOC given rise to this action (exhibit B).

12. Upon reporting the unwanted sexual advances to the City of El Dorado, the El Dorado Civil Service Commission who has the power to employ and terminate Chief White as well as all other officers within the El Dorado Police Department. After presentation of the attached documentation and testimony the El Dorado Civil Service Commission refused to act in its official capacity and discipline Chief White which allowed said conduct to continue against the plaintiff as well as other employees in the department. Upon the El Dorado Civil Service Commission refusing to take disciplinary action or reprimand Chief White to discontinue Chief White such behavior, the plaintiff was subjected to scrutiny at her work place in such a way that a hostile work environment was created and she was constructively terminated due to the inability to work in a safe work environment for the City of El Dorado (exhibit C).

13. Defendant has continuously been an employer engaged in industry affecting commerce and employs more than fifteen persons within the meaning of the laws of the United States and the State of Arkansas.

14. Defendant has engaged in unlawful employment practices in violation of the laws of the State of Arkansas and the United States of America. These unlawful practices include, but are not limited to the defendant's failure to ignore plaintiff's numerous complaints of sexual harassment; creating and conducting a hostile work environment; and terminating plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as well as the Arkansas Civil Rights Act.

## OUTRAGE

15. Further the defendants actions are outrageous in nature and give rise to the Civil Tort of Outrage as defined by the case law in the State of Arkansas.

## DAMAGES

16. The defendant's actions have subjected the plaintiff to the following damages:

    a. Emotional stress

    b. Physical injury

    c. Loss of employment

    d. Loss of wages

    e. Loss of earning capacity

    f. Intentional emotional distress

17. Defendants actions give rise to willful and wanton conduct and subject them to punitive damages.

## JURY DEMAND

18. Plaintiff respectfully requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court enter an Order granting judgment against the defendants and Chief Billy White in his individual capacity for attorney fees, costs, punitive damages, re-instatement, back wages, front pay, and any and all other relief this Court deems just and proper.

_____
F. MATTISON THOMAS, III
Thomas Law Firm
103 East Main, Suite D
El Dorado, Arkansas 71730
Telephone: (870) 881-8468
Facsimile: (870) 881-8416
Arkansas Bar No. 2002-007